UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

Case No.

LA TONYA COLEMAN-SPENCE,

    Plaintiff,

vs.

CARNIVAL CORPORATION,

    Defendant.

_____/

**COMPLAINT**

COMES NOW, Plaintiff, LA TONYA COLEMAN-SPENCE, sues Defendant, CARNIVAL CORPORATION, and alleges:

1. This is a negligence action in which the Plaintiff alleges that the Defendant's negligence caused her to fall and sustain serious personal injury. This case falls within the Court's diversity-of-citizenship jurisdiction.

2. The Plaintiff is a citizen of Florida.

3. The Defendant is a corporation incorporated under the laws of the Republic of Panama. The Defendant's principal place of business is in Florida.

4. The amount in controversy, without interest and costs, exceeds $75,000.

5. The passenger ticket the Defendant sold the Plaintiff contains a forum-selection clause that says that actions such as this may be filed only in Miami, in the United States District Court for the Southern District of Florida.

6. The Plaintiff has performed all conditions precedent to be performed by the Plaintiff, or the conditions have occurred.

7. On or about January 30, 2020, the Plaintiff was a fare-paying passenger aboard *Carnival Victory,* a cruise ship owned and operated by the Defendant, and staying in cabin 2347.

8. At that time and place, the Defendant owed the Plaintiff a duty of reasonable care under the circumstances.

9. At that time and place, within the bathroom inside cabin 2347, the Defendant breached its duty of care in one or more of the following ways, causing the Plaintiff to sustain serious personal injury when she grabbed the handrail within the shower, the handrail snapped off the wall, and Plaintiff fell in the shower and as a result:

   a. That Defendant caused the shower handle to lack the stability needed to support the grip or handling of an occupant of that shower;

   b. The Defendant failed to sufficiently affix the show handle to the wall thus leaving it susceptible to snapping or otherwise breaking off the wall;

   c. The Defendant failed to inspect cabin 2347 for any dangerous conditions such as the defective handrail;

   d. The Defendant failed to adequately inspect the bathroom area within cabin 2347, this includes but is not limited to the handrail within the bathroom shower;

   e. The Defendant failed to take adequate steps to ensure that the handrail within the bathroom shower would be stable and be able to support the grasp or otherwise grabbing of such by Plaintiff;

   f. Defendant failed to warn passengers in general, and plaintiff specifically, about the potential dangers associated with the bathroom shower handrail;

   g. Knowing that bathroom or shower handrails have broken or snapped off the wall in the past, Defendant failed to warn passengers of such danger;

   h. The Defendant failed to assign enough crew members to inspect and properly secure the cabin areas in general, and Plaintiff's cabin area specifically, and make it safe;

    i.       The Defendant failed to put in place a system under which crew members would frequently inspect that bathroom shower area within Plaintiff's cabin and ensure that the bathroom handrails were properly secured;

    j.       The Defendant knew about this hazardous condition or the condition had existed for a sufficient length of time that the Defendant should have known about it, or the condition occurred with regularity and was therefore foreseeable;

    k.       The Defendant failed to staff its ship with personnel who were able to give the Plaintiff adequate medical care, and the Defendant failed to give the Plaintiff adequate medical care; and

    l.       The Defendant breached its duty in other ways to be determined during discovery.

10.     The Defendant caused the hazards described in paragraphs 9(a) through 9(l), above, or those hazards were known to the Defendant, or had existed for sufficient length of time that the Defendant should have known about them, or the hazards occurred with regularity and were thus foreseeable.

11.     As a result of the Defendant's negligence, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

    WHEREFORE, the Plaintiff demands judgment for more than $75,000 in damages against the Defendant, and costs, and the Plaintiff demands a jury trial.

    Dated this 2nd day of December, 2020.

Respectfully Submitted,

**STEINLAW, P.A.**
*Attorneys for Plaintiff*
20807 Biscayne Boulevard
Suite 200
Aventura, FL 33180
Tel: (786) 230-3819
Fax: (305) 627-3302
bstein@steinlaw.com
jstein@steinlaw.com

By: /s/ Brandon E. Stein
**BRANDON E. STEIN, ESQ.**
Florida Bar No.: 88302
**JASON S. STEIN, ESQ.**
Florida Bar No.: 1002844